1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7            FOR THE EASTERN DISTRICT OF CALIFORNIA

8  WILLIAM DAVIES dba I.C.
   SECURITY SERVICES,,

9

10           Plaintiff,

11      v.
                                  No. CIV. S-07-409 LKK/GGH
12 BHSW ENTERPRISES dba
   MRO RESOURCES, JOE SCOTT,
13 GINA HUTCHINSON aka GINA
   COOPER, SHAYLA STARKS,
14 RICHARD ANDREWS, SALLY
   WIDROW and DOES 1-10,
15 inclusive,

16           Defendants.
   _____/
17
   GINA HUTCHINSON aka GINA
18 COOPER as an individual and
   dba STONYBROOK APARTMENTS,
19
             Cross Complainant,
20
        v.
21
   WILLIAM DAVIES dba I.C.
22 SECURITY SERVICES, BHSW
   ENTERPRISES dba MRO RESOURCES,
23 JOE SCOTT, SHAYLA STARKS,
   RICHARD ANDREWS, SALLY WIDROW,
24 UNITED STATES INTERNAL REVENUE
   SERVICE, and DOES 1-10, inclusive,

25
             Cross Defendants.
26 _____/

                          1

1        **STATUS (PRETRIAL SCHEDULING) CONFERENCE**

2        READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH

3   THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND

4   PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS

5   ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER

6   SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN

7   ORDER OF JUDGMENT.

8        Pursuant to court order, a Status (Pretrial Scheduling)

9   Conference was held in Chambers on May 21, 2007.  Joanne E.

10  Morrison appeared telephonically as counsel for plaintiff (cross

11  complainant; Paul S. Ham appeared telephonically as counsel for

12  defendant United States of America; William Davies appeared

13  telephonically in pro per.  After hearing, the court makes the

14  following findings and orders:

15       **SERVICE OF PROCESS**

16       All parties defendant have been served and no further service

17  is permitted except with leave of court, good cause having been

18  shown.

19       **JOINDER OF PARTIES/AMENDMENTS**

20       No further joinder of parties or amendments to pleadings is

21  permitted except with leave of court, good cause having been shown.

22  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir.

23  1992).

24       **JURISDICTION/VENUE**

25       Jurisdiction is predicated upon 28 U.S.C. §2410, is disputed

26  by Davies and venue is undisputed.  Plaintiff (cross-defendant)

2

1  Davies is to bring a motion to remand within thirty (30) days.  The

2  matter will be heard on the moving papers only.

3      **FICTITIOUSLY-NAMED DEFENDANTS**

4      This action, including any counterclaims, cross-claims, and

5  third-party complaints is hereby DISMISSED as to all DOE or other

6  fictitiously-named defendants.

7      **MOTION HEARING SCHEDULES**

8      All law and motion except as to discovery is left open, save

9  and except that it shall be conducted so as to be completed by

10 January 15, 2008.  The word "completed" in this context means that

11 all law and motion matters must be **heard** by the above date.

12 Because this date is not necessarily a date previously set aside

13 for law and motion hearings, it is incumbent upon counsel to

14 contact this court's courtroom deputy, Ana Rivas at (916) 930-4133,

15 sufficiently in advance so as to ascertain the dates upon which law

16 and motion will be heard and to properly notice its motion for

17 hearing before that date.  Counsel are cautioned to refer to Local

18 Rule 78-230 regarding the requirements for noticing such motions

19 on the court's regularly scheduled law and motion calendar.

20 **Opposition or statement of non-opposition to all motions shall be**

21 **filed not later than 4:30 p.m. fourteen (14) days preceding the**

22 **hearing date, or by proof of service by mail not less than**

23 **seventeen (17) days preceding the hearing date.**  This paragraph

24 does not preclude motions for continuances, temporary restraining

25 orders or other emergency applications, and is subject to any

26 special scheduling set forth in the "MISCELLANEOUS PROVISIONS"

1    paragraph below.

2        At the time of filing a motion, opposition, or reply, counsel

3    are directed to email a copy in word processing format to  lkk-

4    pleadings@caed.uscourts.gov.

5        The parties should keep in mind that the purpose of law and

6    motion is to narrow and refine the legal issues raised by the case,

7    and to dispose of by pretrial motion those issues that are

8    susceptible to resolution without trial.   To accomplish that

9    purpose, the parties need to identify and fully research the issues

10   presented by the case, and then examine those issues in light of

11   the evidence gleaned through discovery.  If it appears to counsel

12   after examining the legal issues and facts that an issue can be

13   resolved by pretrial motion, counsel are to file the appropriate

14   motion by the law and motion cutoff set forth supra.

15       **Unless prior permission has been granted, memoranda of law in**

16   **support of and in opposition to motions are limited to thirty (30)**

17   **pages, and reply memoranda are limited to fifteen (15) pages.  The**

18   **parties are also cautioned against filing multiple briefs to**

19   **circumvent this rule.**

20       Where the parties bring motions for summary judgment, the

21   court will deem facts which are apparently undisputed as undisputed

22   under Fed. R. Civ. P. 56(d), unless specifically reserved and that

23   party tenders evidence to support the reservation.

24       ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL

25   MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL ORDINARILY BE

26   VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.   COUNSEL ARE CAUTIONED

1    THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT

2    BY PRETRIAL MOTION MUST BE RESOLVED BY THE COURT AFTER LAW AND

3    MOTION CUTOFF, FOR INSTANCE WHERE THE ISSUE IS JURISDICTION,

4    SUBSTANTIAL SANCTIONS WILL BE LEVIED AGAINST COUNSEL WHO FAIL TO

5    TIMELY FILE AN APPROPRIATE MOTION.

6         Counsel are further reminded that motions in limine are

7    procedural devices designed to address the admissibility of

8    evidence.   COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH

9    DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS

10   IN LIMINE  AT THE TIME OF TRIAL.

11        **DISCOVERY**

12        No modifications of the discovery requirements found in the

13   Federal Rules is ordered.

14        All discovery is left open, save and except that it shall be

15   so conducted as to be completed by October 26, 2007.  The word

16   "completed" means that all discovery shall have been conducted so

17   that all depositions have been taken and any disputes relative to

18   discovery shall have been resolved by appropriate order if

19   necessary and, where discovery has been ordered, the order has been

20   complied with.  Motions to compel discovery must be noticed on the

21   magistrate judge's calendar in accordance with the local rules of

22   this court and so that such motions will be heard not later than

23   September 26, 2007.  In this regard, all counsel are to designate

24   in writing and file with the court and serve upon all other parties

25   a final list of the names of all experts that they propose to

26   tender at trial not later than thirty (30) days before the close

of discovery herein established.  At the time of designation, all experts shall submit a written report.  The contents of the report must comply with Federal Rule of Civil Procedure 26 (A)(2)(b).  All experts so designated are to be fully prepared to render an informed opinion at the time of <u>designation</u> so that they may fully participate in any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates:  (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition.

**MID-LITIGATION STATEMENTS**

Not later than fourteen (14) days prior to the close of discovery, all parties shall file with the court and serve on all other parties a brief statement summarizing all law and motion practice heard by the court as of the date of the filing of the statement, whether the court has disposed of the motion at the time the statement is filed and served, and the likelihood that any further motions will be noticed prior to the close of law and motion.  The filing of this statement shall not relieve the parties or counsel of their obligation to timely notice all appropriate

1   motions as set forth above.

2        **FINAL PRETRIAL CONFERENCE**

3        The Final Pretrial Conference is **SET** for April 14, 2008, at

4   2:00 p.m.  Mr. Davies may participate via telephone.  Counsel are

5   cautioned that counsel appearing for Pretrial will in fact try the

6   matter.

7        Counsel for all parties are to be fully prepared for trial at

8   the time of the Pretrial Conference, with no matters remaining to

9   be accomplished except production of witnesses for oral testimony.

10  Counsel are referred to Local Rules 40-280 and 16-281 relating to

11  the contents of and time for filing Pretrial Statements.   In

12  addition to those subjects listed in Local Rule 16-281(b), the

13  parties are to provide the court with a plain, concise statement

14  which identifies every non-discovery motion tendered to the court,

15  and its resolution.  A FAILURE TO COMPLY WITH LOCAL RULES 40-280

16  AND 16-281 WILL BE GROUNDS FOR SANCTIONS.

17       The parties shall file Separate Pretrial Statements, the

18  contents and timing of which are set forth in Local Rule 16-281,

19  except that the parties are to prepare a <u>JOINT STATEMENT</u> with

20  respect to the undisputed facts and disputed factual issues of the

21  case.  <u>See</u> Local Rule 16-281(b)(3), (4), and (6).  The parties are

22  reminded to include in their joint statement all disputed and

23  undisputed special factual information as required by Local Rule

24  16-281(b)(6).

25       The undisputed facts and disputed factual issues are to be set

26  forth in two separate sections.   In each section, the parties

should identify first the general facts relevant to all causes of action.   After identifying the general facts, the parties should then identify those facts which are relevant to each separate cause of action.   In this regard, the parties are to number each individual fact or factual issue.  Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. Each individual disputed fact or factual issue shall include the following introductory language:   "Whether or not . . . ."  The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. Notwithstanding the provisions of Local Rule 16-281, the Joint Statement of Undisputed Facts and Disputed Factual Issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement.  If the case is tried to a jury, the undisputed facts will be read to the jury.

     Pursuant to Local Rule 16-281(b)(10) and (11), the parties are required to provide in their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose.  These lists shall <u>not</u> be contained in the Pretrial Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order. Plaintiff's exhibits shall be listed **numerically**; defendant's exhibits shall be listed **alphabetically**.  In the event that the

1   alphabet is exhausted, defendant's exhibits shall be marked "2A-2Z,
2   3A-3Z, etc."  The Pretrial Order will contain a stringent standard
3   for the proffering of witnesses and exhibits at trial not listed
4   in the Pretrial Order.  Counsel are cautioned that the standard
5   will be strictly applied.  On the other hand, the listing of
6   exhibits or witnesses which counsel do not intend to call or use
7   will be viewed as an abuse of the court's processes.

8       Pursuant to Local Rule 16-281(b)(12), a party is required to
9   provide a list of all answers to interrogatories and responses to
10  requests for admission that the party expects to offer at trial.
11  This list should include only those documents or portions thereof
12  which the party expects to offer in its case-in-chief.  Unless
13  otherwise barred by a rule of evidence or order of this court, the
14  parties remain free to tender appropriate discovery documents
15  during trial for such purposes as, but not limited to, impeachment
16  or memory refreshment.

17      Pursuant to Local Rule 16-281(b)(8), the parties' Pretrial
18  Statements shall contain a "statement of legal theory, etc."  Each
19  party shall commence this section by specifying as to each claim
20  whether federal or state law governs, and if state law, the state
21  whose law is applicable.

22      Counsel are also reminded that, pursuant to Fed. R. Civ. P.
23  16, it will be their duty at the Pretrial Conference to aid the
24  court in (a) formulation and simplification of issues and the
25  elimination of frivolous claims or defenses; (b) settling of facts
26  which should be properly admitted; and (c) the avoidance of

1  unnecessary proof and cumulative evidence.  Counsel must prepare

2  their Pretrial Statements, and participate in good faith at the

3  Pretrial Conference, with these aims in mind.  A FAILURE TO DO SO

4  MAY RESULT IN THE IMPOSITION of SANCTIONS which may include

5  monetary sanctions, orders precluding proof, eliminations of claims

6  or defenses, or such other sanctions as the court deems

7  appropriate.

8     **TRIAL SETTING**

9        Trial is **SET** for July 15, 2008, at 10:30 a.m.  Trial will be

10  by the court without jury.  The parties represent in good faith

11  that the trial will take approximately two (2) days.

12     **SETTLEMENT CONFERENCE**

13        A Settlement Conference will be set before a judge other than

14  the trial judge at the time of the Pretrial Conference.

15        Counsel are cautioned to have a principal capable of

16  disposition present at the Settlement Conference or to be fully

17  authorized to settle the matter on any terms and at the Settlement

18  Conference.

19     **MISCELLANEOUS PROVISIONS**

20        The parties are reminded that pursuant to Fed. R. Civ. P.

21  16(b), the Status (pretrial scheduling) Order **shall not be modified**

22  **except by leave of court upon a showing of good cause.**  Counsel are

23  cautioned that changes to any of the scheduled dates will

24  necessarily result in changes to all other dates.  Thus, even where

25  good cause has been shown, the court will not grant a request to

26  change the discovery cutoff date without modifying the pretrial and

1   trial dates.

2   **Agreement by the parties pursuant to stipulation does not**

3   **constitute good cause.   Nor does the unavailability of witnesses**

4   **or counsel, except in extraordinary circumstances, constitute good**

5   **cause.**

6   The parties are reminded of their continuing obligation to

7   supplement their statements relative to the identification of

8   parent corporations and any publicly held company that owns 10% or

9   more of the party's stock within a reasonable time of any change

10  in the information.

11  The parties are admonished that they are not to cite or refer

12  to any of the quotations inscribed in the pavers on the front plaza

13  of the United States Courthouse in any written or oral presentation

14  to the court or a jury.

15  There appear to be no other matters presently pending before

16  the court that will aid the just and expeditious disposition of

17  this matter.

18  IT IS SO ORDERED.

19  DATED:  May 23, 2007.

20

21

22  LAWRENCE K. KARLTON
    SENIOR JUDGE
23  UNITED STATES DISTRICT COURT

24

25

26

                            11